# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
### GREEN BAY DIVISION

ANN PHILLIPS,

and

BRITTANI RILEY,
individually and on behalf of
all others similarly situated,

        Plaintiffs,               CASE NO. 18-cv-1563

    v.

NAVITUS HEALTH SOLUTIONS, LLC,

        Defendant.

## COLLECTIVE AND CLASS ACTION COMPLAINT

### PRELIMINARY STATEMENT

1.    This is a collective and class action brought by Plaintiffs Ann Phillips and Brittani Riley, individually and on behalf of the members of the proposed classes identified below. Plaintiffs and the putative classes' members are, or were, employed by Defendant Navitus Health Solutions, LLC, ("Navitus") at times since October 3, 2015. Plaintiffs and the putative classes' members were denied overtime under Navitus' illegal pay policies and practices. Under these policies and practices, Navitus has denied Plaintiffs Ann Phillips and Brittani Riley and the putative classes' members of overtime pay in violation of the Fair Labor Standards Act of 1938, as amended ("FLSA") as well as overtime pay and agreed-upon wages in violation of Wisconsin law.

2.     Plaintiffs Ann Phillips and Brittani Riley bring this action, individually and on behalf of other similarly situated current and former employees, as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA") for the purpose of obtaining relief under the FLSA for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate.

3.     Plaintiffs Ann Phillips and Brittani Riley also bring this action pursuant to FED. R. CIV. P. 23 for purposes of obtaining relief under Wisconsin's wage laws for unpaid overtime compensation, unpaid agreed-upon wages, civil penalties, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

## JURISDICTION AND VENUE

4.     This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. §1331, this action being brought under the FLSA, 29 U.S.C. §201, *et seq.*

5.     The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.     Venue is proper pursuant to 28 U.S.C. §1391(b) and (c) in the U.S. District Court for the Eastern District of Wisconsin because a substantial part of the events or omissions giving rise to the claim occurred within the district and Defendant Navitus has substantial and systematic contacts in this district.

Case 1:18-cv-01563-WCG   Filed 10/03/18   Page 2 of 21   Document 1

## PARTIES

7.      Defendant Navitus is a Wisconsin Limited Liability Company with a principal place of business located at 2601 W Beltline Hwy, Suite 600, Madison, WI 53713-2327. Navitus has locations in Arizona, Texas and Wisconsin. Navitus' registered agent for service of process in the State of Wisconsin is CT Corporation System, located at 301 S. Bedford St., Suite 1, Madison, Wisconsin 53703.

8.      Plaintiff Ann Phillips is an adult resident of Outagamie County in the State of Wisconsin. Plaintiff Phillips is a former employee of Navitus who worked as a Coordinator I-Eligibility Operations at Navitus' Appleton, Wisconsin location from on or around March 2012 until May 2017. Plaintiff Phillips's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached as Exhibit A of this Complaint and is incorporated herein.

9.      Plaintiff Brittani Riley is an adult resident of Outagamie Health S County in the State of Wisconsin. Plaintiff Riley is a former employee of Navitus who worked as a Members Services Specialist at Navitus' Appleton, Wisconsin location from on or around November 2017 until January 2018. Plaintiff Riley's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached as Exhibit B of this Complaint and is incorporated herein

10.      Plaintiff Phillips brings this action individually and on behalf of the Collective On-Call Class as authorized under the FLSA, 29 U.S.C. § 216(b). The **Collective On-Call Class** is defined as follows:

> All persons who are or have been employed by Navitus as hourly employees at any time since October 3, 2015 who received a stipend in lieu of hourly pay while on call.

11.    Plaintiff Phillips bring this action individually and on behalf of the

Collective Rounding Class as authorized under the FLSA, 29 U.S.C. § 216(b). The

**Collective Rounding Class** is defined as follows:

> All persons who are or have been employed by Navitus as
> hourly employees at any time since October 3, 2015 who
> were paid on an hourly basis.

12.    Plaintiff Riley brings this action individually and on behalf of the

Collective Pre/Post Shift Work Class as authorized under the FLSA, 29 U.S.C.

§ 216(b). The **Collective Pre/Post Shift Work Class** is defined as follows:

> All persons who are or have been employed by Navitus as
> hourly employees at any time since October 3, 2015 whose
> work hours were recorded based on logging into and out of
> Navitus' phone system.

13.    The Collective On-Call Class, the Collective Rounding Class and the

Collective Pre/Post Shift Work Class shall be referred to collectively as "The

Collective Classes."

14.    Plaintiff Phillips brings this action individually and on behalf of the

Wisconsin On-Call Class pursuant to FED. R. CIV. P. 23. The **Wisconsin On-Call**

**Class** is defined as follows:

> All persons who are or have been employed by Navitus as
> hourly employees at any time since October 3, 2016 who
> received a stipend in lieu of hourly pay while on call.

15.    Plaintiff Phillips bring this action individually and on behalf of the

Wisconsin Rounding Class pursuant to FED. R. CIV. P. 23. The **Wisconsin Rounding**

**Class** is defined as follows:

Case 1:18-cv-01563-WCG    Filed 10/03/18    Page 4 of 21    Document 1

All persons who are or have been employed by Navitus as hourly employees at any time since October 3, 2016 who were paid on an hourly basis and did not receive overtime compensation.

16.     Plaintiff Riley brings this action individually and on behalf of the Wisconsin Pre/Post Shift Work Class pursuant to FED. R. CIV. P. 23. The **Wisconsin Pre/Post Shift Work Class** is defined as follows:

All persons who are or have been employed by Navitus as hourly employees at any time since October 3, 2016 whose work hours were recorded based on logging into and out of Navitus' phone system.

17.     The Wisconsin On-Call Class, the Wisconsin Rounding Class and the Wisconsin Pre/Post Shift Work Class shall be referred to collectively as "The Wisconsin Classes."

## GENERAL ALLEGATIONS

18.     Plaintiffs and the Collective Classes work, or have worked, for Navitus as hourly employees at times since October 3, 2015.

19.     Plaintiffs and the Wisconsin Classes work, or have worked, for Navitus as hourly employees at Navitus' Wisconsin location at times since October 3, 2016.

20.     Navitus is a pharmacy benefit management company.

21.     Since October 3, 2015, Plaintiffs, the Collective Classes and the Wisconsin Classes have performed services on behalf of Navitus including, but not limited to, communicating internally and with patients, physicians, pharmacists and payers regarding questions, prescriptions, payments, eligibility, claims,

Case 1:18-cv-01563-WCG   Filed 10/03/18   Page 5 of 21   Document 1

benefits, and authorizations, as well as processing/reviewing questions, eligibility, payments, claims and authorizations ("regular job duties").

22.     Since October 3, 2015, Plaintiffs, the Collective Classes, and the Wisconsin Classes have been paid on an hourly basis for their work at Navitus' locations.

23.     Since October 3, 2016, Navitus, Plaintiffs, and the Wisconsin Classes have agreed to specific hourly rates which were to be paid to Plaintiffs and the Wisconsin Classes in exchange for their hours worked for Navitus.

24.     Navitus' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs, the Collective Classes, and the Wisconsin Classes.

## ON-CALL ALLEGATIONS

25.     Since October 3, 2015, Navitus has required Plaintiff Phillips, the Collective On-Call Class and the Wisconsin On-Call Class to be available before and after scheduled shifts, as well as on weekends, to field work related phone calls ("be on-call").

26.     Since October 3, 2015, while on-call, in addition to taking and/or returning phone calls, Navitus has required Plaintiff Phillips, the Collective On-Call Class and Wisconsin On-Call Class to log in to Navitus' computer systems, process requests and/or questions from Navitus clients, communicate with pharmacists regarding eligibility and perform other job duties that they performed during their regularly scheduled shifts as part of their regular job duties.

Case 1:18-cv-01563-WCG   Filed 10/03/18   Page 6 of 21   Document 1

27.     Since October 3, 2015, Navitus has required Plaintiff Phillips, the Collective On-Call Class and Wisconsin On-Call Class to use their own phones and internet for purposes of performing their on-call duties.

28.     Since October 3, 2015, Navitus has required Plaintiff Phillips, the Collective On-Call Class and Wisconsin On-Call Class be paid a stipend for time spent on-call.

29.     Since October 3, 2015, Navitus did not pay Plaintiff Phillips, the Collective On-Call Class and Wisconsin On-Call Class at an hourly rate when they responded to phone calls and/or performed regular job duties while on-call.

30.     Since October 3, 2015, Navitus has required Plaintiff Phillips, the Collective On-Call Class and Wisconsin On-Call Class to thoroughly check the working status of his or her beeper or phone before call status begins and maintain it in operational mode at all times.

31.     Since October 3, 2015, Navitus has required Plaintiff Phillips, the Collective On-Call Class and Wisconsin On-Call Class to remain within the beeper's or phone range at all times.

32.     Since October 3, 2015, Navitus has required Plaintiff Phillips, the Collective On-Call Class and Wisconsin On-Call Class to return beeper or phone calls within 5 minutes.

33.     Since October 3, 2015, Navitus has required Plaintiff Phillips, the Collective On-Call Class and Wisconsin On-Call Class to arrive at the workplace within 30 minutes or less after receiving the call to return to the workplace.

Case 1:18-cv-01563-WCG   Filed 10/03/18   Page 7 of 21   Document 1

34.     Since October 3, 2015, Navitus has required Plaintiff Phillips, the Collective On-Call Class and Wisconsin On-Call Class to arrive at the workplace in a fit condition and able to perform the required work.

35.     At times since October 3, 2015, Navitus has compensated Plaintiff Phillips, the Collective On-Call Class and Wisconsin On-Call Class with "comp time" at a percentage determined by the employee's manager instead of at the employee's regular or overtime hourly rate.

36.     As a result of applying this on-call policy, Navitus improperly denied Plaintiff Phillips, the Collective On-Call Class, and the Wisconsin On-Call Class of compensation at one and one-half times their respective regular rates for hours worked in excess of forty in many workweeks since October 3, 2015.

37.     Since October 3, 2015, Navitus' application of its on-call policy resulted in employees, including Plaintiff Phillips, the Collective On-Call Class, and the Wisconsin On-Call Class being suffered or permitted to perform work for Navitus without compensation at their agreed-upon hourly rates.

## ROUNDING ALLEGATIONS

38.     Since October 3, 2015, Navitus has implemented a system whereby Plaintiff Phillips, the Wisconsin Rounding Class, and the Collective Rounding Class must login to a phone/timeclock system in order to be paid for hours worked.

39.     Since October 3, 2015, Navitus has implemented a system whereby the phone/timeclock system automatically rounds the time Plaintiff Phillips, the Wisconsin Rounding Class, and the Collective Rounding Class login to the

Case 1:18-cv-01563-WCG    Filed 10/03/18    Page 8 of 21    Document 1

phone/timeclock system to the start time of Plaintiff Phillips, the Wisconsin Rounding Class and the Collective Rounding Class.

40. Under Navitus' time clock rounding policy, Navitus rounded its employees start times to 15-minute intervals, but not to the nearest 15-minute interval despite the fact that employees performed compensable work during the period of time which was rounded.

41. As an example, under Navitus' impermissible time clock rounding policy, if an employee punched in 5:02, Navitus would round up to 5:15. If the employee punched in at 5:17, Navitus would round up to 5:30.

42. Since October 3, 2015, Navitus has suffered or permitted Plaintiff Phillips to regularly work more than forty hours during workweeks in which Navitus applied its time clock rounding policy.

43. Since October 3, 2015, Navitus has suffered or permitted the Collective Rounding Class and the Wisconsin Rounding Class to work more than forty hours during workweeks in which Navitus applied its time clock rounding policy.

44. As a result of applying this time clock rounding policy, Navitus improperly denied Plaintiff Phillips, the Collective Rounding Class, and the Wisconsin Rounding Class of compensation at one and one-half times their respective regular rates for hours worked in excess of forty in many workweeks since October 3, 2015.

45. Since October 3, 2015, Navitus' application of its time clock rounding policy resulted in employees, including Plaintiff Phillips, the Collective Rounding

Case 1:18-cv-01563-WCG    Filed 10/03/18    Page 9 of 21    Document 1

Class, and the Wisconsin Rounding Class being suffered or permitted to perform work for Navitus without compensation at their agreed-upon hourly rates.

46.     Navitus' impermissible time clock rounding policy consistently operated to the disadvantage of Navitus' employees.

## PRE/POST SHIFT WORK ALLEGATIONS

47.     Since October 3, 2015, Navitus has implemented a system whereby, at the start of each shift Plaintiff Riley, the Wisconsin Pre/Post Shift Work Class, and the Collective Pre/Post Shift Work Class must login to a phone/timeclock system in order to be paid for hours worked.

48.     Since October 3, 2015, Navitus has required Plaintiff Riley, the Wisconsin Pre/Post Shift Work Class, and the Collective Pre/Post Shift Work Class, prior to logging in to the phone/timeclock system and prior to being paid, to perform mandatory tasks necessary to complete their regular job duties.

49.     Since October 3, 2015, the mandatory tasks that Navitus has required Plaintiff Riley, the Wisconsin Pre/Post Shift Work Class, and the Collective Pre/Post Shift Work Class to perform prior to logging in to the phone/timeclock system and prior to being paid, have included but are not limited to turning on the computer and monitor, and logging into not less than five separate computer software programs.

50.     Since October 3, 2015, if Plaintiff Riley, the Wisconsin Pre/Post Shift Work Class, and the Collective Pre/Post Shift Work Class did not turn on the computer and monitor and log in to not less than five necessary computer software

Case 1:18-cv-01563-WCG   Filed 10/03/18   Page 10 of 21   Document 1

programs, Plaintiff Riley, the Wisconsin Pre/Post Shift Work Class, and the Collective Pre/Post Shift Work Class would not be able to perform their essential job functions.

51.  Since October 3, 2015, Navitus has implemented a system whereby at the end of each shift, Plaintiff Riley, the Wisconsin Pre/Post Shift Work Class, and the Collective Pre/Post Shift Work Class must logout of a phone/timeclock system to mark the end of their shift, at which point they are no longer paid.

52.  Since October 3, 2015, it is only after Plaintiff Riley, the Wisconsin Pre/Post Shift Work Class, and the Collective Pre/Post Shift Work Class log out of the phone/timeclock system at the end of their shift, at which point they are no longer paid, that they can then log out of not less than five computer software programs and turn off their computer and monitor.

53.  Since October 3, 2015, Navitus has required Plaintiff Riley, the Wisconsin Pre/Post Shift Work Class, and the Collective Pre/Post Shift Work Class, to perform mandatory tasks necessary to complete their regular job duties after logging out of the phone/timeclock system at the end of their shift.

54.  Since October 3, 2015, the mandatory tasks that Navitus has required Plaintiff Riley, the Wisconsin Pre/Post Shift Work Class, and the Collective Pre/Post Shift Work Class to perform have been integral and indispensable to the principal activities that they were employed to perform.

55.  Since October 3, 2015, the mandatory tasks that Navitus has required Plaintiff Riley, the Wisconsin Pre/Post Shift Work Class, and the Collective Pre/Post Shift Work Class to perform have been an intrinsic element of the Classes' principal

Case 1:18-cv-01563-WCG   Filed 10/03/18   Page 11 of 21   Document 1

activities because without them, the Pre/Post Shift Work Classes' would not be able to perform their principal activities.

56. Since October 3, 2015, the mandatory tasks that Navitus has required Plaintiff Riley, the Wisconsin Pre/Post Shift Work Class, and the Collective Pre/Post Shift Work Class to perform have been directly related to and necessary to the performance of the work that the Pre/Post Shift Work Classes perform.

57. As a result of applying this pre/post shift work policy, Navitus improperly denied Plaintiff Riley, the Wisconsin Pre/Post Shift Work Class, and the Collective Pre/Post Shift Work Class of compensation at one and one-half times their respective regular rates for hours worked in excess of forty in many workweeks since October 3, 2015.

58. Since October 3, 2015, Navitus' application of its pre/post shift work policy resulted in employees, including Plaintiff Riley, the Wisconsin Pre/Post Shift Work Class, and the Collective Pre/Post Shift Work Class being suffered or permitted to perform work for Navitus without compensation at their agreed-upon hourly rates.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

59. Plaintiffs Phillips and Riley and the Collective Classes are and have been similarly situated, have and have had substantially similar pay provisions, and are and have been subject to Navitus' decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The

Case 1:18-cv-01563-WCG   Filed 10/03/18   Page 12 of 21   Document 1

claims of Plaintiff Phillips and Riley as stated herein are the same as those of the Collective Classes.

60.     Plaintiffs Phillips and Riley and the Collective classes seek relief on a collective basis challenging, among other FLSA violations, Navitus' practice of failing to accurately record all hours worked and failing to pay employees for all hours worked, including overtime compensation.

61.     The FLSA Section 216(b) Collective Classes' members are readily ascertainable. For purpose of notice and other reasons related to this action, their names, phone numbers, and addresses are readily available from Navitus. Notice can be provided to the Collective Classes via first class mail to the last address known to Navitus and through postings at Navitus' facilities in areas where postings are normally made.

## RULE 23 CLASS ALLEGATIONS – WISCONSIN

62.     Plaintiffs Phillips and Riley bring their Wisconsin state law claims, pursuant to Wisconsin wage laws, under FED. R. CIV. P. 23 on behalf of the Wisconsin Classes for violations occurring on or after October 3, 2016 (the "Wisconsin Class Period").

63.     The proposed Wisconsin Classes' members are so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Navitus, upon information and belief, there are at least 40 members in each of the Wisconsin Classes.

Case 1:18-cv-01563-WCG   Filed 10/03/18   Page 13 of 21   Document 1

64.     Plaintiffs Phillips and Riley's claims are typical of those claims that could be alleged by any member of the Wisconsin Classes, and the relief sought is typical of the relief that would be sought by each member of the Wisconsin Classes in separate actions. The alleged claims arise out of the same corporate practice and/or policy of Navitus and Navitus benefited from the same type of unfair and/or wrongful acts as to each member of the respective Wisconsin Classes. Plaintiffs Phillips and Riley and the other members of the Wisconsin Classes sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

65.     Plaintiffs Phillips and Riley are able to fairly and adequately protect the interests of the Wisconsin Classes, have no interests antagonistic to the Wisconsin Classes, and have retained counsel experienced in complex wage and hour class action litigation.

66.     There are questions of fact and law common to each of the Wisconsin Classes that predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Navitus' actions include, without limitation, the following:

> a. Whether Navitus' rounding policy violated Wisconsin's wage laws;
>
> b. Whether Navitus failed to maintain true and accurate records for all hours worked by Plaintiffs and the Wisconsin Classes as required by Wisconsin law;
>
> c. Whether Navitus failed to pay the Wisconsin Classes for all work Navitus suffered or permitted the Wisconsin Classes to perform; and

Case 1:18-cv-01563-WCG   Filed 10/03/18   Page 14 of 21   Document 1

        d.  The nature and extent of class-wide injury and the measure of damages for the injury.

67.    A class action is superior to any other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a corporate defendant, particularly those plaintiffs with relatively small claims.

68.    The questions set forth above predominate over any questions that affect only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of the claims.

## FIRST CLAIM FOR RELIEF
### Violations of the Fair Labor Standards Act of 1938 as Amended

69.    Plaintiffs Phillips and Riley, individually and on behalf of the Collective Classes, reassert and incorporates by reference all preceding paragraphs as if restated herein.

70.    Since October 3, 2015, Plaintiffs Phillips and Riley and the Collective Classes have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §201 *et. seq.*

71.    Since October 3, 2015, Navitus has been and continues to be an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(s)(1).

72.    Since October 3, 2015, Plaintiffs Phillips and Riley and the members of the Collective Classes have been employees within the meaning of 29 U.S.C. § 203(e).

Case 1:18-cv-01563-WCG   Filed 10/03/18   Page 15 of 21   Document 1

73.     Since October 3, 2015, Navitus has been an employer of Plaintiffs Phillips and Riley and the Collective Classes as provided under 29 U.S.C. § 203(d).

74.     Since October 3, 2015, Navitus has violated the FLSA by failing to pay overtime compensation due to Plaintiffs Phillips and Riley and the Collective Classes for each hour worked in excess of forty hours in any given workweek.

75.     Plaintiffs Phillips and Riley and the Collective Classes are entitled to damages equal to mandated overtime premium pay for all hours worked within the three years prior to the filing of this Complaint, plus periods of equitable tolling because Navitus acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

76.     Navitus' failure to properly compensate Plaintiffs Phillips and Riley and the Collective Classes and failure to properly record all compensable worktime was willfully perpetrated and Plaintiffs Phillips and Riley and the Collective Classes are therefore entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, § 29 U.S.C. 216(b).

77.     Alternatively, should the Court find that Navitus did not act willfully in failing to pay overtime premium wages, Plaintiffs Phillips and Riley and the Collective Overtime Class are entitled to an award of pre-judgment interest at the applicable legal rate.

78.     Pursuant to FLSA, 29 U.S.C. §216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid overtime wages.

## SECOND CLAIM FOR RELIEF
### Violation of Wisconsin Law – Unpaid Agreed-Upon Wages and Overtime

79.    Plaintiffs Phillips and Riley, individually and on behalf of the Wisconsin Classes, re-alleges and incorporates by reference all preceding paragraphs as restated herein.

80.    Since October 3, 2016, Plaintiffs Phillips and Riley and the Wisconsin Classes were employees within the meaning of Wis. Stat. §§ 109.01 *et seq.*

81.    Since October 3, 2016, Plaintiffs Phillips and Riley and the Wisconsin Classes were employees within the meaning of Wis. Stat. §§ 103.001 *et seq.*

82.    Since October 3, 2016, Plaintiffs Phillips and Riley and the Wisconsin Classes were employees within the meaning of Wis. Stat. §§ 104.01 *et seq.*

83.    Since October 3, 2016, Plaintiffs Phillips and Riley and the Wisconsin Classes were employees within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

84.    Since October 3, 2016, Plaintiffs Phillips and Riley and the Wisconsin Classes were employees within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

85.    Since October 3, 2016, Navitus was an employer within the meaning of Wis. Stat. §§ 109.01 *et seq.*

86.    Since October 3, 2016, Navitus was an employer within the meaning of Wis. Stat. §§ 103.001 *et seq.*

87.    Since October 3, 2016, Navitus was an employer within the meaning of Wis. Stat. §§ 104.01 *et seq.*

Case 1:18-cv-01563-WCG   Filed 10/03/18   Page 17 of 21   Document 1

88. Since October 3, 2016, Navitus was an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

89. Since October 3, 2016, Navitus was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

90. Since October 3, 2016, Navitus has employed, and/or continues to employ Plaintiffs Phillips and Riley and the Wisconsin Classes within the meaning of Wis. Stat. §§ 109.01 *et seq.*

91. Since October 3, 2016, Navitus has employed, and/or continues to employ Plaintiffs Phillips and Riley and the Wisconsin Classes within the meaning of Wis. Stat. §§ 103.001 *et seq.*

92. Since October 3, 2016, Navitus has employed, and/or continues to employ Plaintiffs Phillips and Riley and the Wisconsin Classes within the meaning of Wis. Stat. §§ 104.01 *et seq.*

93. Since October 3, 2016, Navitus has employed, and/or continues to employ Plaintiffs Phillips and Riley and the Wisconsin Classes within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

94. Since October 3, 2016, Navitus has employed, and/or continues to employ Plaintiffs Phillips and Riley and the Wisconsin Classes within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

95. Since October 3, 2016, Plaintiffs Phillips and Riley and the Wisconsin Classes regularly performed activities that were an integral and indispensable part of the employees' principal activities without receiving compensation for these activities.

Case 1:18-cv-01563-WCG   Filed 10/03/18   Page 18 of 21   Document 1

96.     Since October 3, 2016, Navitus had, and continues to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay the Wisconsin Classes overtime wages and agreed-upon wages for all hours worked.

97.     Since October 3, 2016, Navitus had, and continues to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay the Wisconsin Classes overtime wages for all hours worked in excess of forty hours in a given workweek.

98.     Wis. Stat. §109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

99.     The foregoing conduct, as alleged above, constitutes continuing, willful violations of Wisconsin's law requiring the payment of overtime, and agreed upon wages.

100.    As set forth above, Plaintiffs Phillips and Riley and the Wisconsin Classes have sustained losses in their compensation as a proximate result of Navitus's violations. Accordingly, Plaintiffs Phillips and Riley, individually and on behalf of the Wisconsin Classes, seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Navitus to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

101.    Under Wis. Stat. §109.11, Plaintiffs Phillips and Riley and the Wisconsin Classes may be entitled to liquidated damages equal and up to fifty percent of their unpaid wages.

Case 1:18-cv-01563-WCG   Filed 10/03/18   Page 19 of 21   Document 1

102.    Plaintiffs Phillips and Riley, individually and on behalf of the

Wisconsin Classes, seek recovery of attorneys' fees and the costs of this action to be

paid by Navitus, pursuant to the Wisconsin law.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs Phillips and Riley, individually and on behalf

of all members of the Collective Classes and the Wisconsin Classes hereby requests

the following relief:

a) At the earliest time possible, an order designating this action as a
   collective action on behalf of the Collective Classes and allowing issuance
   of notices pursuant to 29 U.S.C. §216(b) to all similarly-situated
   individuals;

b) At the earliest time possible, an order certifying this action as a FED. R.
   CIV. P. 23 class action on behalf of the proposed Wisconsin Classes;

c) At the earliest time possible, an Order appointing Hawks Quindel, S.C. as
   class counsel pursuant to FED. R. CIV. P. 23;

d) An order designating Plaintiffs Phillips and Riley as the Named Plaintiffs
   and as representatives of the Wisconsin Classes set forth herein;

e) Leave to add additional Plaintiffs by motion, the filing of written consent
   forms, or any other method approved by the Court;

f) Issuance of an Order, pursuant to the Declaratory Judgment Act, 28
   U.S.C. §§2201-2202, declaring Navitus's actions as described in the
   Complaint as unlawful and in violation of Wisconsin Law and applicable
   regulations;

g) An Order finding that Navitus violated the FLSA and Wisconsin wage
   and hour law;

h) An Order finding that these violations are willful;

i) Judgement against Navitus in the amount equal to the Plaintiffs, the
   Collective Classes', and the Wisconsin Classes' unpaid wages at the
   applicable agreed-upon wage, overtime premium rates;

Case 1:18-cv-01563-WCG   Filed 10/03/18   Page 20 of 21   Document 1

j) An award in the amount of all liquidated damages and civil penalties as provided under Wisconsin Law and the FLSA;

k) An award in the amount of all costs and attorney's fees incurred prosecuting these claims as well as pre-judgment and post-judgement interest; and

l) Such further relief as the Court deems just and equitable.

Dated this 3rd day of October, 2018.

Respectfully submitted,

*s/ Summer H. Murshid*
Larry A. Johnson
Bar Number 1056619
Summer Murshid
Bar Number 1075404
Timothy Maynard
Bar Number 1080953
Attorneys for Plaintiffs

**Hawks Quindel, S.C.**
222 East Erie, Suite 210
P.O. Box 442
Milwaukee, WI  53201-0442
Telephone: 414-271-8650
Fax: 414-271-8442
E-mail:  ljohnson@hq-law.com
          smurshid@hq-law.com
          tmaynard@hq-law.com

Case 1:18-cv-01563-WCG   Filed 10/03/18   Page 21 of 21   Document 1